IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>PEDRO CARRERA-GONZALEZ,<br>**Defendant** | **CRIMINAL NO.** 05-366 |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is a "Motion to Dismiss Based on Collateral Estoppel," filed by defendant Pedro Carrera-Gonzalez ("defendant"). On June 8th, 2006, Magistrate-Judge Camille Velez-Rive issued a Report and Recommendation (R&R) to DENY the Motion. (Docket No. 44). For the reasons set forth below, the Court ADOPTS the R&R in its entirety.

**PROCEDURAL BACKGROUND**

Defendant Carrera-Gonzalez is charged with a carjacking offense in violation of 18 U.S.C. § 2119, the use of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On May 26th, 2006, the defendant moved to dismiss the indictment, arguing that he was previously charged and acquitted by the Puerto Rico Court of First Instance, San Juan Part, for the same conduct, to wit, violations of Articles 94 and 173 of the Puerto

Criminal No. 05-366 (JAG)                                              2

Rico Penal Code (assault and robbery, respectively), and violations of the state weapons' law. The defendant further contends that the Commonwealth of Puerto Rico should not be viewed as a separate sovereign because, under the current political status, Puerto Rico and the United States are one and the same for double jeopardy purposes.

The defendant's motion was referred to a magistrate-judge on the same date it was filed. (Docket No. 38). On June 8th, 2006, Magistrate-Judge Camille Velez-Rive issued an R&R to deny the motion, as she found that: 1) the federal offenses herein charged have different elements than the ones the defendant was acquitted of in state court and, hence, there is no collateral estoppel issue under the Blockburger v. United States test;[1] and 2) notwithstanding the difficulties raised by Puerto Rico's political status, the First Circuit has consistently held that Puerto Rico and the United States are different sovereigns for criminal law and double jeopardy purposes. (Docket No. 44).

On July 6th, 2006, the defendant filed objections to the R&R. (Docket No. 53).

**STANDARD OF REVIEW**

A. <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

A District Court may, on its own motion, refer a pending motion

---

[1] 284 U.S. 299 (1932).

to a U.S. Magistrate-Judge for a Report and Recommendation. <u>See</u> 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a). Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate-Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. <u>See</u> 28 U.S.C. § 636(b)(1). Since the defendant has filed timely objections to the Magistrate-Judge's Report and Recommendation, the Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980); <u>Lopez v. Chater</u>, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

## DISCUSSION

The defendant claims that the Magistrate-Judge erred in concluding that the United States and Puerto Rico are not the same party. Although the defendant acknowledges that in <u>United States v. Lopez-Andino</u>, 831 F.2d 1164 (1st Cir. 1987), the First Circuit held that Puerto is to be treated as a state for purposes of the double jeopardy clause, he contends that since then, the First Circuit has slowly moved away from that position.

The Court notes that the defendant's argument is not entirely without substance. Nonetheless, contrary to the defendant's assertions, the law on the matter at hand has remained unchanged since <u>Lopez-Andino</u> and, consequently, Puerto Rico and the United

Criminal No. 05-366 (JAG)                                               4

States must still be deemed as different sovereigns for double jeopardy purposes.  In fact, none of the cases cited by the defendant undermine this conclusion.  Even though its holding is not unanimous,[2] Lopez-Andino remains the law in the First Circuit, and this Court is bound by it.

Since the defendant objects to no other aspect of the Magistrate-Judge's recommendation, the Court need go no further and, accordingly, **ADOPTS** the R&R in its entirety.

## CONCLUSION

In light of the foregoing, the Court hereby **DENIES** defendant's Motion to Dismiss Based on Collateral Estoppel."  (Docket No.37).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of July, 2006.

                                                 **S/Jay A. García-Gregory**
                                                 JAY A. GARCIA-GREGORY
                                                 United States District Judge

---

[2] See Lopez-Andino, 831 F.2d at 1172-1177, where Judge Torruella, concurring in the judgment, expressed that Puerto Rico "constitutionally remains a territory" and, therefore, he was unable to agree with the majority's conclusion regarding "dual sovereignty."  See also United States v. Sanchez, 992 F.2d 1143, 1151 (11th Cir. 1993), where the Eleventh Circuit disagreed with the majority holding in Lopez-Andino, and ruled substantially in accord with Judge Torruella's concurrence.