IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

PEDRO CARRERA GONZALEZ,

Defendant.

CRIMINAL NO.  05-366 (JAG)

### REPORT AND RECOMMENDATION

Defendant Pedro Carrera-González was charged in a three (3) count Indictment and he agreed to plead guilty to Count One.  Count One charges that, with the intent to cause death or serious bodily harm did take a motor vehicle, a vehicle that had been transported, shipped or received in interstate or foreign commerce from the person or presence of Armando Porrata Doria, a male person of legal age, by force violence and intimidation.  All in violation of Title 18, United States Code, Section 2119(1).

Defendant appeared before this Magistrate Judge on November 29, 2006, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that:  he had consulted with his counsel, Juan Matos de Juan, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver

of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Matos de Juan, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment which may not be more than fifteen (15) years. The Court must also impose a mandatory penalty assessment of one hundred dollars($100.00), per count, a term of supervised release of up to five (5) years, and a fine of up to two hundred fifty thousand dollars ($250,000.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Rule 11(c)(1)(C) FRCP" ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole

United States of America v. Pedro Carrera-González
Criminal No. 05-366(JAG)
Report and Recommendation
Page 4

discretion of the sentencing court what the sentence to be imposed on him will be.

As indicated in paragraph five (5) of the Agreement, the defendant is aware that under Rule 11(c)(1(C), the Court may accept or reject the plea agreement, or may defer its decision as to its acceptance or rejection until it has considered the presentence report. If the Court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, and afford the defendant an opportunity to withdraw the guilty plea, and advise the defendant that if the defendant persists in a guilty plea, the disposition of the case may be less favorable to the defendant than that contemplated in the plea agreement. In addition, as part of the terms and conditions of this plea agreement, the parties agree that should the court reject the plea agreement, the United States reserves its right to withdraw from its obligations under the same.

The above-captioned parties' estimate and agreement that appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2B3.1, the applicable guideline for offenses involving a robbery, the base offense level is Twenty (20). Pursuant to U.S.S.G. § 2B3.1(b)(5), a two (2) level increase is mandatory because the offense involved a carjacking. Pursuant to U.S.G.G. § 3E1.1(b), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is Nineteen (19), with a sentencing range of thirty-three (33) to forty-one (41) months of imprisonment assuming a Criminal History Category of II.

As indicated in paragraph eight (8) of the Agreement, the parties will recommend a total tern of imprisonment of thirty-three (33) months as to Count One or the lower end of the applicable Sentencing Guideline as determined by the United States Probation Officer should

defendant have a Criminal History Category of III or higher.  The recommendation is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  The parties agree that any request by the defendant for a downward departure or adjustment or sentence below the thirty-three (33) months of imprisonment, total sentence, will be considered a material breach of this plea agreement.

The parties do not stipulate the defendant's Criminal History Category, although for the purposes of Sentencing Guideline Calculations a Criminal History Category of II, based on defendant's previous federal conviction is taken as a base for computation purposes.

Also, as part of the Agreement, as indicated in paragraph eleven (11), upon sentencing the United States shall move for the dismissal of the remaining counts of the Indictment.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.  Defendant was also read and shown a written document entitled Government's

United States of America v. Pedro Carrera-González
Criminal No. 05-366(JAG)
Report and Recommendation
Page 6

Version of the Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Defendant waived the reading of the Indictment in open court because he is aware of its content. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he

---

[2]The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph eighteen (18) a waiver of appeal.

United States of America v. Pedro Carrera-González
Criminal No. 05-366(JAG)
Report and Recommendation
Page 7

agreed with the government's evidence as to his participation in the offense.  Thereupon,

defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No.

05–366 (JAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that

he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading

guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such

a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in

Criminal No. 05-366 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly before Honorable Jay A. García-

Gregory, District Court Judge.

San Juan, Puerto Rico, this 30st day of November of 2006.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE