IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff**

v.

PEDRO CARRERA GONZALEZ

**Defendant**

**CRIMINAL NO.** 05-366(JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Pedro Carrera Gonzalez's ("Defendant") Motion to Suppress Statements and Motion to Suppress and Request for Hearing under Rule 12(d) of the Federal Rules of Criminal Procedure. (Docket Nos. 30, 42). For the reasons set forth below, the Court **DENIES** both Motions.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant stands charged with committing the crime of carjacking. On May 16, 2006, Defendant filed a Motion to Suppress Statements (Docket No. 30), and on June 2, 2006 a Motion to Suppress and Request for Hearing under Rule 12(d) of the Federal Rules of Criminal Procedure (Docket No. 42). In these motions, Defendant moved to suppress the Government's announced evidence, which consisted of items seized from Defendant's house, specifically the driver's license and a voter's registration card

Criminal No. 05-366(JAG)                                              2

of Attorney Porrata Doria ("the victim"), a DVD player, and a PlayStation. In addition, Defendant sought to suppress an admission made to Puerto Rico Police Department officer Luis Cruz Serrano ("PRPO Cruz Serrano"). Both motions were opposed by the Government (Docket Nos. 32, 45), and referred to Magistrate Judge Velez-Rive, (Docket Nos. 34, 43) for hearings and recommendations.

The evidentiary hearing was initially held on June 22, 2006, and further suppression hearings took place on July 17, August 3 and 22 and on September 1, 2006, wherein the testimonies of several Puerto Rico Police Officers ("PRPOs"), among them PRPO Cruz Serrano, were presented. Defendant, FBI agent Eric Gonima Gil and the victim also testified. The transcripts for the suppression hearing were requested and filed on October 4, 2006. On that same date, the matter was deemed submitted for resolution. (Docket Nos. 72, 73, 74, 75, and 76).

The victim testified that on March 16, 2005, as he was sitting inside his car an individual, later identified as Defendant, entered his car with a pistol in his hand and asked him to give him everything he had. The victim turned over twenty dollars and his wallet, which contained several documents, including his driver's license, voter's registration card and credit cards. According to the victim, the individual took his cellular phone, the keys to the car and to his apartment. The victim also testified that he was able to see the individual clearly because the light of the car was

Criminal No. 05-366(JAG)                                              3

turned on. Later that day, the victim met with several PRPOs and filed an initial complaint. Later on, in a line up, the victim was able to identify Defendant as the person who carried out the carjacking on March 16, 2005. In the suppression hearing, the victim also identified Defendant.

PRPO Cruz Serrano was directly involved in the investigation of the carjacking. In the hearing held by the Magistrate-Judge, PRPO Cruz Serrano testified that he visited a business known as Video Avenue in Bayamón to corroborate information about a purchase made with the stolen credit card of the victim. The manager of Video Avenue provided PRPO Cruz Serrano with a CD of the video of all purchases made that day, as well as two (2) purchase receipts corresponding to a PlayStation and a DVD player. After analyzing the video together with the characteristics informed by the victim and the receipt of purchases made with the victim's credit card, PRPO Cruz Serrano was able to identify Defendant.

With the still pictures processed from the video, PRPO Cruz Serrano and several PRPOs went to the address of the assistant manager of the Video Avenue store, Ms. Gloraima Torres. She identified the individual in the pictures as Junito, later identified as Defendant, who lived next door to her. PRPO Cruz Serrano then proceeded to go to the house next door where he was greeted by Defendant's wife, Ms. Xiomara Antongiorgi. PRPO Cruz Serrano then asked Ms. Xiomara Antongiorgi where Defendant was. Ms.

Xiomara Antongiorgi told him that he was inside sleeping and asked him to go inside.

PRPO Cruz Serrano and the PRPOs accompanying him entered through the area of the carport and into the kitchen. Ms. Xiomara Antongiorgi then went to get Junito. When Junito came out he saw the photos from Video Avenue and chose to remain silent. While still in the kitchen PRPO Cruz Serrano saw in plain sight some empty boxes and a PlayStation. The PRPOs then asked Ms. Xiomara Antongiorgi about the purchases that took place in Video Avenue. Afterwards, she showed the empty boxes to the PRPOs and gave them a DVD player that was in her bedroom. The PRPOs also seized the PlayStation that was in plain sight. Defendant was then read his rights and handcuffed while they exited the residence. The PRPOs got out of the house through the courtyard, which was a lawn and cement area in front of Defendant's house. PRPO Cruz Serrano testified that once inside the courtyard they were able to see and seize two identification cards that matched the ones of the victim. According to PRPO Cruz Serrano, the two identification cards were on the ground next to two trash bags.

PRPO Cruz Serrano also testified that after the district attorney allowed the prosecution of the case at state level, an identification line up was carried out where the victim identified Defendant as the individual who had robbed him. The matter was then submitted to a local magistrate and the Rule 6 state hearing was

Criminal No. 05-366(JAG)                                                          5

held. According to PRPO Cruz Serrano, after the Rule 6 hearing, on his way out of the Police Headquarters for booking, Defendant made a statement admitting that he had committed the robbery because the victim was an easy prey. However, Defendant denied using a firearm.

Defendant also testified in the suppression hearing before the Magistrate-Judge. Defendant stated under oath that at the time of his arrest there was no DVD player or PlayStation at his home and that he and his wife had no membership to rent movies from a video store. Moreover, Defendant testified that he never saw anyone picking any kind of card from the floor of his home. In addition, Defendant stated that at no time he provided a statement on the way out from his home nor at the Puerto Rico Police Headquarters. Defendant also stated that he has never been called Junito.

The Magistrate-Judge concluded in her Report and Recommendation that the evidence that Defendant sought to suppress was validly seized by the PRPOs because said seizure complied with all of the elements of the "plain view doctrine."[1] Moreover, the Magistrate Judge determined that a warrant was not needed in the case at bar because Defendant's wife, Ms. Xiomara Antongiorgi,

---

[1] "'Plain view' seizures are lawful if (1) the seizing police officer lawfully reached the position from which he could see the item in plain view; (2) the seizure satisfied the probable cause standard; and (3) the seizing officer had a 'lawful right of access to the object itself.'" United States v. Antrim, 389 F.3d 276, 283 (1st Cir. 2004); United States v. Jones, 187 F.3d 210, 219-21 (1st Cir. 1999).

Criminal No. 05-366(JAG)                                                    6

asked the PRPOs to enter Defendant's house and willingly surrendered the DVD player.[2] The Magistrate Judge noted that Defendant's testimony was limited to denying that the items seized were located at his home at the time of his arrest. Likewise, the Magistrate Judge stated that Defendant's arguments related to the suppression of any statements were circumscribed to the fact that he denied having provided any statement. As such, the Magistrate Judge recognized that Defendant's grounds for suppression rested solely on questions of credibility at the suppression hearing. After evaluating the PRPOs responsiveness and demeanor on the stand as well as the documentary evidence presented, the Magistrate Judge concluded in her Report and Recommendation that the PRPOs account was more credible and accorded little weight to Defendant's testimony. Accordingly, the Magistrate Judge recommended that Defendant's Motion to Suppress Statements and Motion to Suppress and Request for Hearing under Rule 12(d) of the Federal Rules of Criminal Procedure be denied. (Docket No. 79). Defendant objected to the Report and Recommendation in its entirety. (Docket No. 80).

---

[2] Law enforcement agents need not seek a warrant where "voluntary consent has been obtained, either from the individual whose property is searched or from a third party who possesses common authority over the premises." Illinois v. Rodriguez, 497 U.S. 177, 181 (1990).

Criminal No. 05-366(JAG)                                                                                        7

## STANDARD OF REVIEW

1) <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." <u>United States of America v. Mercado Pagan</u>, 286 F.Supp.2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." <u>Rivera-De-Leon v. Maxon Eng'g Servs.</u>, 283 F. Supp. 2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections," the district court can assume that they have agreed to the magistrate's recommendation'." <u>Alamo Rodriguez</u>, 286 F.Supp.2d at 146 (quoting <u>Templeman v. Chris Craft Corp.</u>, 770 F.2d 245, 247 (1st Cir. 1985).

## DISCUSSION

Criminal No. 05-366(JAG)                                              8

   Defendant avers in his "Objection to Magistrate Judge's Report and Recommendation on Motions to Suppress (Dockets 30 and 42)" that PRPO Cruz Serrano testimony is untrustworthy because it was inconsistent. Specifically, Defendant stressed that PRPO Cruz Serrano admitted in the Suppression hearing before the Magistrate Judge that he arrested Defendant's neighbors and that in the state trial he testified that he had not arrested Defendant's neighbors.

   As such, Defendant's sole ground for suppression rests on the credibility of his testimony given at the suppression hearing held before Magistrate-Judge Camille L. Velez-Rive. After the hearing, the Magistrate-Judge in her Report and Recommendation, addressed PRPO Cruz Serrano's inconsistencies on the stand and determined that they did not affect the totality of the circumstances at the time. The Magistrate Judge concluded that PRPO Cruz Serrano's testimony was more credible than the Defendants self serving version, which consisted of denying the statement made and the existence of any of the seized merchandise.

   It is well settled law that when findings are based on determinations regarding the credibility of witnesses, great deference is given to the trial court's findings; "for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." Anderson v. Bessemer City, 470 U.S. 564, 575 (1985); see also Wainwright v. Witt, 469 U.S. 412 (1985);

Criminal No. 05-366(JAG)                                                9

United States v. Henderson, 463 F.3d 27, 32 (1st Cir. 2006). However, a trial judge may not insulate his findings from review by denominating them credibility determinations, for factors other than demeanor and inflection go into the decision whether or not to believe a witness. Anderson, 470 U.S. at 575. When documents or objective evidence contradict the witness' story; or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit it, the court of appeals may well find clear error even in a finding purportedly based on a credibility determination. Id.; see also United States v. Forbes, 181 F.3d 1, 7-8 (1st Cir. 1999) (vacating after clear error was found in factual findings based on a police officer's testimony as to a vehicle stop, where the officer's testimony was "improbable" and "call[ed] into question" by "extrinsic evidence," and the district court "did not explain why it found [the police officer] to be credible").

Basically, a trial court's factual findings after a suppression hearing can be overturned only if, after reviewing all of the evidence, there is a "definite and firm conviction that a mistake has been committed." Henderson, 463 F.3d at 32. But such instances are rare, especially when the factual findings at issue are made by a careful and able judge. Id. When "a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and

Criminal No. 05-366(JAG)                                               10

facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson, 470 U.S. at 575.

In the present case, the Magistrate Judge determined after evaluating the testimonies of PRPO Cruz Serrano and Defendant, including their responsiveness and their demeanor on the stand, that PRPO Cruz Serrano's testimony was more credible than that of the Defendant. In this case, the evidence does not contradict PRPO Cruz Serrano testimony, instead it supports it. Moreover, PRPO Cruz Serrano story is consistent and plausible. Thus, there is no clear error in the determinations of the Magistrate Judge. Consequently, this Court will not overturn the Magistrate Judge's factual determinations in the suppression hearing. Accordingly, the Magistrate Judge's Report and Recommendation is adopted in its entirety.

### CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate-Judge's Report and Recommendation, (Docket No. 79), in its entirety and **DENIES** Defendants' Motion to Suppress Statements and Motion to Suppress and Request for Hearing under Rule 12(d) of the Federal Rules of Criminal Procedure. (Docket Nos. 30, 42).

IT IS SO ORDERED.

Criminal No. 05-366(JAG)                                                    11

In San Juan, Puerto Rico, this 26th day of March, 2007.


                                         <u>S/Jay A. Garcia-Gregory</u>
                                         JAY A. GARCIA-GREGORY
                                         United States District Judge