IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br><br>v.<br><br>PEDRO CARRERA-GONZALEZ,<br>**Defendant** | **CRIMINAL NO.** 05-366 |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Defendant Pedro Carrera-Gonzalez ("defendant") is charged with a carjacking offense in violation of 18 U.S.C. § 2119 (Count I), the use of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(Count II), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)(Count III).

On May 23rd, 2006, the defendant filed a "Motion for Bifurcation of Trial of Counts I and II from the Trial of Count III." (Docket No 36). The gist of the defendant's motion is that he will be "unreasonably prejudiced" by the admission of his prior conviction as evidence to prove the felon in possession charge. Accordingly, the defendant contends that the evidence in that charge should "only be submitted to the jury after the same has deliberated as to Counts I and II." Id., at 2. The government filed a timely response to the defendant's motion. (Docket No. 40).

The motion in question was held in abeyance pending the

Criminal No. 05-366 (JAG)                                              2

resolution of several procedural issues, including the execution of a plea agreement that was eventually rejected by the Court. After it became evident that no other plea agreement would materialize, the case was set for trial. The defendant renewed the Motion for Bifurcation on March 18th, 2007. (Docket No. 105). Upon due consideration of the submissions by the parties, and the relevant case law, the Court disagrees with the defendant for various reasons.

The Court must first note that the joinder of the offenses in this case is proper because all the charges contained in the Indictment arose out of the same acts or transactions, as required by Fed.R.Crim.P. 8(a). See United States v. Melendez, 301 F.3d 27, 35 (1st Cir. 2002)(holding, inter alia, that "we have construed [Rule 8(a)] generously in favor of joinder"). In addition, the prejudice resulting from the introduction of evidence otherwise inadmissible, could be cured by means less onerous to judicial economy than a severance. For instance, the First Circuit has held that "there is no abuse of discretion when a district court does not sever a count for being a felon in possession of a firearm when the parties stipulated to the prior conviction without detailing the nature of the acts involved in the conviction." United States v. Boulanger, 444 F.3d 76, 88 n.16 (1st Cir. 2006). Moreover, in Boulanger the First Circuit added that the instructions given to the jury, to the effect that "each count charged a separate offense

Criminal No. 05-366 (JAG)                                              3

and that each had to be considered separately, without allowing the verdict on one count to affect the verdict on any other count," minimized any possible prejudice from the joinder. Boulanger, 444 F.3d at 88(citing Melendez, 301 F.3d at 36).

In light of the foregoing, the Motion for Bifurcation is hereby **DENIED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of March, 2007.

                                           **S/Jay A. García-Gregory**
                                           JAY A. GARCIA-GREGORY
                                           United States District Judge